SAMUEL STERLING V. G. W. RICHMOND.

**Wills—Meaning of "Lawful Heirs."**

Where a will devised land to one and her "lawful heirs," and there is nothing indicating that the devisor attached any other than the legal meaning to the words "lawful heirs," the words must be treated as having been used in their legal sense.

**Wills—Fee Simple Estate.**

A will held to devise to the testator's widow a fee simple estate in certain property.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

March 26, 1873.

OPINION BY JUDGE PRYOR:

John Berry by his last will devised to each of his sons a tract of land as follows, viz.: "I give and bequeath to my eldest son, Rutledge Berry, 200 acres of land to be laid off, etc." "I give and bequeath to my son, U. G. Berry, 200 acres of land, etc." "I give and bequeath to my son, Leander Berry, 200 acres of land, etc." He also

devised to his daughter, Angeline Sterling, 250 acres of land, as follows, viz.: "I give and bequeath to my daughter, Angeline Sterling, and her lawful heirs 250 acres of land, provided I shall purchase the remainder of Norma Mark's land where Capt. Sterling now lives," etc.; he also devises all the balance of his land to his four sons, naming them.

Mrs. Sterling, at the time of the devise to her had two children, one, the appellant, Samuel Sterling, and the other Ferdinand Sterling. The last named died some years since childless and of age, leaving his mother, Mrs. Sterling, and the appellant his only heirs. The husband of Mrs. Sterling died after the devise and his widow intermarried with Ebenger Rondeau, and after this marriage in conjunction with her husband sold this land to Richmond and Mentyell, the present appellees. The appellant, Samuel Sterling, insists that by the will of his grandfather, he and his brother were joint devisees, with his mother, and that she had no right or title at the time of the sale to the appellees except to the one-third of the land. If the words "lawful heirs" in the devise to Mrs. Sterling mean children, then the claim of appellant is well founded. It must be understood as having been used by the devisor in its legal sense, unless there is something else in the will indicating that the devisor gave it a different meaning. The only argument in favor of the position assumed by the appellant is "that the devisor in the various devises to his other children used no such language, thereby imparting that the rights of Mrs. Sterling were restricted by the use of the words "lawful heirs." It may have been the purpose of the devisor in using this language to exclude the husband from the benefits of the devise or give to the children an interest equal to the mother in the property, but this intention must appear from the will itself. The devisor was doubtless a man of ordinary intelligence, or if ignorant and unlettered, as insisted upon by counsel, it is hardly probable that in writing his will, when he intended that his daughters' two children should be vested with an interest equal to her in the property devised, he would use the words "lawful heirs" instead of children, or in preference to making a devise directly to them. If written by an attorney we would have known the legal significance of the words, and with the instruction from the devisor to vest the children with an interest would have used other words than "lawful heirs" for that purpose. In the latter part of the will

the devisor says "that in the event I do not become the purchaser of the residue of Norma Mark's land, by myself or through my executors, then in that case my daughter is to have as much money as will make up her proportionate part of the land, say 200 acres; it is my wish that my executor, Leander Berry, purchase the remainder of the Marks land when sold, for the express purpose of letting Angeline have the complement mentioned in the will." This last provision in the will makes no reference to the children of Angeline or to her lawful heirs, and evidences an intention on his part, which the language in the will clearly indicates, to give the land to Angeline without any restriction. This will is well written and was evidently prepared by one having a knowledge of what he was doing and the manner in which such a writing should be executed. There is nothing in the will indicating that the devisor attached any other than the legal meaning to the words "lawful heirs," and this conveyance must be construed as having been made in its legal sense. In the case referred to by counsel the devisors in the several wills had attempted and did in fact give to their daughter life estates in the property devised. In the case of *Williamson v. Williamson,* 18 B. Monroe 263, "The daughters were to have held, use and employ the rents and profits during their natural lives and at their death the title to the same to rest in their heirs in fee forever," and so in the case of *Hunt v. Johnson,* 10 B. Monroe 342. There is but little analogy, if any, between the present case and the cases cited by counsel for appellant. The provision of the will of which the devise is made to Mrs. Sterling vested her with a fee simple title to the property and this title passed to the purchaser from her and her husband.

Judgment of the court below is *affirmed.*

*W. J. Bullitt, Craddock, for appellant.*